UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KELLY J. GUDGER, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:02-CR-126-PLR-CCS-1 |
| | ) | 3:16-CV-247-PLR |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 56]. This Court appointed Federal Defender Services of Eastern Tennessee for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition requesting vacatur of Petitioner's sentence in light of the *Johnson* decision [Doc. 56]. Also before the Court are Petitioner's motions for delayed release and an extension of time to file a reply [Docs. 57, 60].

The United States responded in opposition to the petition on June 16, 2016 [Doc. 59]; FDSET replied to that response on July 19, 2016 [Doc. 61]. In the reply, FDSET acknowledges that Petitioner does in fact possess two predicate crimes of violence under Section 4B1.1 of the United States Sentencing Guidelines—an Ohio conviction for trafficking marijuana and Kentucky conviction for second-degree assault—and, as a result, remains properly classified as a career

offender after the *Johnson* decision [Doc. 61]. In accordance with that admission, FDSET has moved to withdraw the § 2255 motion originally submitted on Petitioner's behalf [*Id.*].

For good cause show, and in accordance with the Federal Rules of Civil Procedure, the motion to voluntarily withdraw Petitioner's § 2255 motion [Doc. 61] will be **GRANTED**. Withdrawal of the underlying petition renders Petitioner's remaining motions—the request for delayed release and an extension of time to reply—moot; those motions [Dos. 57, 60] will be **DENIED**. The Clerk's office will be **DIRECTED** to terminate the motion assisted with the withdrawn petition [Doc. 56] and close the civil case associated therewith [E.D. Tenn. Case No. 3:16-cv-247-PLR]; the same will be **DISMISSED WITHOUT PREJUDICE**.

AN APPROPRIATE ORDER WILL ENTER.

_____
**UNITED STATES DISTRICT JUDGE**